UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RUTH NELSON, Individually and as Plaintiff Ad Litem for ROBERT V. NELSON, deceased, <br><br> Plaintiff, <br> v. <br><br> UNITED STATE OF AMERICA, DEPARTMENT OF VETERAN'S AFFAIRS, <br><br> Defendant. | Case No._____ <br> FEDERAL TORT CLAIM ACT <br> MEDICAL MALPRACTICE |

## COMPLAINT

## COMMON COUNT

COMES NOW Plaintiff, Ruth Nelson, surviving spouse of Robert V. Nelson (hereinafter "decedent") by and through her attorneys, Cook, Barkett, Ponder and Wolz, and for the Common Count of her Complaint hereby alleges as follows:

1.  Plaintiff Ruth Nelson is the surviving spouse of Robert V. Nelson who died on January 6, 2016 from injuries first sustained in Scott County, Missouri.

2.  At all times relevant hereto decedent Robert V. Nelson was a patient of John J. Pershing Veterans Administration Medical Center (hereinafter "Pershing") and received treatment at Pershing's outpatient clinic in Sikeston, Scott County, Missouri (hereinafter "the Clinic").

3.  Pershing and its outpatient clinic are divisions and/or agencies of Defendant United States of America, Department of Veterans Affairs.

4. At all times relevant hereto, the medical providers and/or personnel who attended to decedent Robert V. Nelson during his care and treatment at the Pershing Clinic were acting as agents, servants and/or employees for defendant United States of America, Department of Veterans Affairs, and were at all times acting within the scope and course of their employment with defendant as healthcare providers.

5. On December 1, 2014 decedent came under the care of Dr. Brad Angelos, an employee or agent of the Pershing Clinic.

6. At that time Dr. Angelos diagnosed the decedent with a fungal infection of his penis.

7. On January 28, 2015 decedent returned to see Dr. Angelos and at that time complained of continued drainage from his penis.

8. Despite the lack of improvement in decedent's condition Dr. Angelos made no changes in treatment and made no further efforts to diagnose what might be causing Mr. Nelson's continuing problems.

9. Throughout the next five (5) months decedent was seen multiple times at the Clinic with continued complaints of unexplained drainage from his penis.

10. On June 24, 2015 the Clinic listed the decedent's chief complaint as "continued drainage from under foreskin and on glans of penis." The same record noted that decedent was being treated for a yeast infection but that the treatment "has not been effective".

11. At the June 24, 2015 visit, nearly seven (7) months after decedent first sought treatment, the office notes indicate that cultures of the drainage would be

2

prepared and that a new treatment plan would be put into place once the results of those tests were obtained.

12. There is nothing in the VA medical records which indicates that any follow-up ever occurred to either take any cultures or to have them analyzed.

13. The VA record does reflect that on July 9, 2015 the decedent, who was in for a medication check, told a VA staff member that "on his last visit Dr. Angelos stated that he was going to send him pills that he had not yet received." The records reflect that the decedent wanted to be contacted to find out why he had not received his medication.

14. Despite the fact that the record reflects an acknowledgment by Dr. Angelos that he had received decedent's request on July 10, the record contains no evidence or indication that there was any follow-up or change in treatment plan.

15. Between July 10 when Dr. Angelos admits that he received the decedent's request and August 10 no contact was made by Dr. Angelos or any other employee/agent of the defendant to follow-up or provide necessary treatment to the decedent.

16. On August 10, 2015 the decedent, in desperation, went to the emergency room at Missouri Delta Medical Center in Sikeston, Missouri, where he was diagnosed with probable ulcerative squamous cell carcinoma of the penis.

17. The physician who assessed Mr. Nelson at Missouri Delta on August 10 wanted to schedule an immediate biopsy, however, for financial reasons, the decedent asked to be sent to the VA for that service.

18. The hospitalist at Missouri Delta then contacted the VA to arrange for decedent to be seen sometime that week or early the following week at the urology service at the VA facility in St. Louis, Missouri but was told that the VA would not schedule an appoint for decedent until he was referred by his primary care physician.

19. After the delays caused by the refusal of the VA to allow decedent to schedule an immediate appointment with a urologist, it took nine (9) days before the biopsy was performed on August 19, 2014.

20. The biopsy confirmed the cancer but there was another three (3) week delay before decedent received the necessary surgery on September 22, 2015, at which time the cancer was so far advanced that the decedent's entire penis was removed.

21. For nearly ten (10) months the decedent was misdiagnosed and suffered extreme and unnecessary pain. The delay in treatment caused him the opportunity to resolve the cancer short of the removal of his penis.

22. On January 6, 2016, decedent Robert B. Nelson died from complications of penile cancer which had not been timely diagnosed and treated by the VA.

23. Prior to his death, the decedent and his wife, on November 16, 2015, complied with 28 U.S.C. 2675 by submitting standard Forms 95 to the appropriate agency, the Department of Veterans Affairs, by certified mail.

24. On or about November 28, 2015, Plaintiff's counsel received notification from the Department of Veterans Affairs, Office of Regional Counsel that an administration investigation had begun on the Nelsons' respective claims.

25. After her husband's death, on February 24, 2016, Ruth Nelson filed an amended claim under the Federal Tort Claims Act alleging wrongful death and lost chance of recovery.

26. On or about August 3, 2016, the VA denied Mrs. Nelson's amended claim and advised her of her right to file suit pursuant to the FTCA 28 U.S.C. Section 1346(b) and 2671-2680.

## COUNT I – MEDICAL NEGLIGENCE-WRONGFUL DEATH

COMES NOW Plaintiff, Ruth Nelson, and for her first cause of action against Defendant United States of America, Department of Veterans Affairs, alleges as follows:

27. Plaintiff hereby incorporates by reference all of the allegations stated in paragraph 1 though 26 of this Complaint as if set forth fully herein.

28. Plaintiff brings this cause of action on behalf of herself and all Class 1 Claimants, if any, pursuant to the provisions of Section 537.080, *et seq* RSMo., and other applicable statutes, for all damages recoverable by law for injuries sustained by the decedent and for the death of Robert V. Nelson resulting from such injuries.

29. At all times relevant hereto, Defendant United States of America, by and through its agency, Department of Veterans Affairs, was actively engaged in operating and maintaining the facility commonly known as the Sikeston Community-Based Outpatient Clinic of John J. Pershing, Veterans Administration Medical Center where veterans afflicted with illness and disease are given care and treatment.

30. At all times relevant hereto, Defendant United State of America, by and through its agency, Department of Veterans Affairs, including any directors, officers ,

operators, administrators, employees, agents, and auxiliary personnel of the John J. Pershing Veterans Administration Medical Center and its outpatient clinic in Sikeston, Missouri represented and held out to the public that said medical clinic was equipped, qualified, and prepared to receive, care for, and treat veterans and that it employed and maintained on its staff skilled and competent physicians, surgeons, urologists, nurses, lab technicians and otherwise competent auxiliary personnel with the expertise necessary to conduct, operate and maintain the health and safety of patients like decedent Robert V. Nelson.

31. At all times relevant hereto there existed a healthcare provider/patient relationship between the decedent Robert V. Nelson and the John J. Pershing Veteran's Administration Outpatient Clinic such that Defendant and each of Defendant's employees and agents owed decedent Robert V. Nelson the duty to exercise that degree of care that a reasonably prudent healthcare provider would have used under the same or similar circumstances.

32. Defendant by and through its duly authorized agents, servants, and/or employees, had a duty to provide defendant Robert V. Nelson with the services of a competent, qualified and licensed staff of physicians, surgeons, urologist, nurses, lab technicians and other employee, and to properly diagnose decedent Robert V. Nelson's condition and to render competent advice and assistance with respect to his care and treatment in accordance with the applicable standards of care.

33. John J. Pershing Veterans Administration Medical Center, a division and/or agency of the Defendant United State of American, Department of Veterans

Affairs, by and through its authorized agents, servant, and/or employees at its Sikeston outpatient clinic acted in disregard of its duties and obligations owed to the decedent Robert V. Nelson and was negligent and therefore in breach of the applicable standard of care owed to Robert V. Nelson in that:

(a) Defendant chose to employ physicians, surgeons, urologists, nurses, lab technicians and other personnel who were untrained and unskilled for such employment and permitted them to attend, advise, diagnose, treat and care for decedent Robert V. Nelson;

(b) Defendant's physician, Brad Angelos, M.D. failed to exercise that degree of skill and learning ordinarily used by healthcare providers, specializing in the same field; and

(d) Defendant's employees and agents failed to exercise and employ the requisite degree of skill and knowledge in their treatment of decedent Robert V. Nelson in that they failed to timely and properly diagnose decedent Robert V. Nelson's penile cancer; and

(e) Defendant by and through its agents, chose to continue treatments which were ineffective and inappropriate for an unreasonable period of time; and

(f) Defendant, once its agents and employees finally admitted the futility of the treatment which had been provided over the course of five (5) months, failed to follow-up and perform necessary diagnostic tests and cultures in order to develop a new treatment plan and instead

allowed the decedent to go for a period of approximately six (6) weeks without any treatment whatsoever.

34. As a direct and proximate result of defendant's negligence, decedent Robert V. Nelson was misdiagnosed and suffered extreme and unnecessary pain from the time of the injury until his death including serious and permanent personal injuries resulting in the removal of his penis.

35. As a further direct and proximate result of the defendant's negligence, decedent Robert V. Nelson suffered severe mental and emotional anguish and a loss of the enjoyment of life which he otherwise would have had.

36. As a direct and proximate result of defendant's negligence, decedent Robert V. Nelson died from complications from the undiagnosed penile cancer.

37. As a further direct and proximate result of the death of Robert V. Nelson plaintiff Ruth Nelson has incurred funeral expenses and related charges.

38. As a further direct and proximate result of the negligent acts and/or omissions and conduct of defendant, as alleged above, plaintiff Ruth Nelson has been deprived of the society, aid, comfort, companionship, consortium and support of her husband Robert V. Nelson.

WHEREFORE, Plaintiff prays judgment be entered against Defendant United States of America, Department of Veterans Affairs in a just and fair amount as set forth in Plaintiff's Amended Administrative claim in the amount of four million dollars ($4,000,000.00) for such other amount as determined by the finder of fact, for her costs

expended herein and for such other and further relief as to the court seems just and proper under the circumstances.

## COUNT II – LOST CHANCE OF RECOVERY/SURVIVAL

COMES NOW Plaintiff, Ruth Nelson, in her capacity as Plaintiff Ad Litem for the decedent Robert V. Nelson, by and through her attorneys, Cook, Barkett, Ponder and Wolz, LC and for her second cause of action against Defendant United States of America, Department of Veteran Affairs hereby alleges as follows:

39. Plaintiff incorporates by reference the allegation stated in the Common Count of her Complaint paragraphs 1 through 26 as if set forth fully herein.

40. Plaintiff incorporates by reference the allegations stated in paragraphs 27 through 38 of Count I of her Complaint as if set forth fully herein.

41. Ruth Nelson is the duly appointed Plaintiff Ad Litem for decedent Robert V. Nelson and is authorized to bring this claim on behalf of her deceased husband pursuant to 537.021.1, RSMo.

42. At the time of the defendant's negligent acts or omissions as alleged previously herein, decedent Robert V. Nelson had a material chance of recovery.

43. As a direct and proximate result of the negligent acts and/or omission of defendant's employee and agents, decedent lost a material part of his chance of recovery.

WHEREFORE, Plaintiff prays for a judgment in her favor on Count II and against Defendant United States of America, Department of Veterans Affairs in a sum which is fair and reasonable to compensate for the injuries and damages suffered as a

result of the loss of decedent's material chance of recovery, as set forth in Plaintiff's Amended Administrative claim in the amount of four million dollars ($4,000,000.00) or such other amount determined by the finder of fact, for her costs expended herein and for such other and further relief as to the court seems just and proper under the circumstances.

        Respectfully submitted,

        COOK, BARKETT, PONDER & WOLZ, LC

        By: /s/Phillip J. Barkett, Jr.
            Phillip J. Barkett, Jr.    #22958
            Kathleen A. Wolz         #35495
            1610 North Kingshighway, Suite 201
            P.O. Box 1180
            Cape Girardeau, MO 63702-1180
            Phone: 573-335-6651   Fax: 573-335-6182
            E-mail:   pbarkett@cbpw-law.com
                      kwolz@cbpw-law.com
            ATTORNEYS FOR PLAINTIFF